UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant
_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR EMERGENCY RELEASE"**

Pending before the court is Defendant Felix Walls's "Motion for Emergency Release . . .," filed on October 11, 2005. The government filed a response on November 8, 2005. The court will deny the motion.

This case is before the court on remand following the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court held that the Sentencing Reform Act (the "SRA") was unconstitutional insofar as it mandated application of the United States Sentencing guidelines which effectively increased a defendant's sentence based on facts not found by the jury beyond a reasonable doubt. *Id.* at 755-56. To remedy this constitutional violation, the Court severed two sections of the SRA, making the Sentencing Guidelines advisory. *See id.* at 756-67 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)). Because Defendant Walls was sentenced under the pre-*Booker*, mandatory Sentencing Guidelines, the Sixth Circuit vacated his sentence and remanded the case for re-sentencing. *See United States v. Walls*, No. 03-1272, slip op. at 8 (6th Cir. July 15, 2005).

Defendant's primary request in his motion is that he be immediately released from custody because, according to him, any sentence greater than 151 months will violate the holding of *Booker* and he has already served more than 151 months imprisonment. (*See* Def.'s Mot. At 2.) The court finds that this issue is not yet properly before the court. The court will determine the appropriate sentence at Defendant's sentencing hearing, after both parties have an opportunity to submit sentencing briefs. At this point, however, Defendant's request to be released is premature. There is nothing in the Sixth Circuit's July 15, 2005 opinion or *Booker* itself which requires release pending re-sentencing. Given the gravity of Defendant's offense and the length of his original sentence, the court finds it unlikely that his imprisonment will be limited to 151 months. In any event, the court finds no circumstances justifying release pending re-sentencing. Accordingly, Defendant's request will be denied.

On the final page of his motion, Defendant also requests that the court "bring him back" at least sixty days prior to sentencing so that he can retain counsel or be assisted by court-appointed counsel. (Def.'s Mot. at 7.) Defendant also requests that the Bureau of Prisons "ship along all legal transcripts along with Walls accordingly." (*Id.*) The court finds that these two requests are moot, in that a review of the Bureau of Prisons' website indicates that Defendant is already "in transit." Moreover, it is impossible to know whether any transcripts were shipped with Defendant or, if not, exactly which transcripts Defendant actually requires. The court will, however, order a status conference, at which time the court will discuss with Defendant how much time he will need to prepare for re-sentencing, what legal materials he requires (not just

desires) to prepare for sentencing, and whether he wishes to retain counsel or be appointed counsel. In the meantime,

IT IS ORDERED that Defendant's October 11, 2005 "Motion for Emergency Release . . ." [Dkt. # 560] is DENIED.

IT IS FURTHER ORDERED that the court will conduct a status conference on **November 16, 2005 at 11:30 a.m.**

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 10, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 10, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522