**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No. 92-CR-80236-DT

FELIX WALLS,

      Defendant.
                                           /

**ORDER GRANTING DEFENDANT'S REQUEST FOR ADDITIONAL 30 DAYS;**
**DENYING DEFENDANT'S REMAINING MOTIONS; AND**
**SCHEDULING A MARCH 2, 2006 STATUS CONFERENCE**

Pending before the court are four documents filed by Defendant Felix Walls: a November 16, 2005 "Motion to Compel;" a December 1, 2005 "Petition/Motion for Congressional Certified Documentes [sic];" a December 28, 2005 letter, in which he requests an additional thirty days to obtain counsel; and a January 18, 2006 "Petition/Motion for Congressional Certified Documents." For the reasons stated below, the court will grant Defendant's December 28, 2005 request for an additional thirty days to obtain counsel and will deny the remaining motions.

On November 16, 2005, the court conducted a status conference, on the record, in the above-captioned case. The purpose of the conference was to ascertain the time period required for Defendant to obtain counsel and for the parties to prepare any necessary re-sentencing briefs. Pursuant to the representations by the parties, the court entered an order on November 16, 2005, which, among other things, allowed

Defendant until January 11, 2006 to file a status report indicating whether he has retained an attorney and, if not, whether he requires additional time to retain an attorney, whether he would like the court to appoint an attorney at public expense or, alternatively, whether he wishes to represent himself. (*See* 11/16/05 Order.)

While Defendant has filed four documents since the status conference, not one of those documents was entitled "Status Report," nor did any of those documents specifically address the issues required by the court's November 16, 2005 order. The document which comes the closest to updating the court regarding Defendant's efforts to obtain counsel is Defendant's December 28, 2005 letter to the court, in which Defendant states that, after his receipt of certain papers, he will need an additional thirty days before sentencing. The court interprets this letter as a request for an additional thirty days to obtain counsel. The court will grant this request and schedule another status conference for **March 2, 2006 at 2:00 p.m.** Defendant should be prepared to inform the court of the status of his attempts to retain counsel, and the time he will need to prepare for re-sentencing.

The court will deny the remaining motions filed by Defendant, in that he has not identified a basis for his requested relief in any of the documents. First, in his November 16, 2005 "Motion to Compel," Defendant principally complains about an alleged twenty-four dollar registration fee charged to him by the Wayne County Jail. Defendant also makes further assertions regarding the alleged violation of his constitutional rights. None of these allegations, however, are ripe for review in this court inasmuch as they do not relate to the re-sentencing of Defendant in this criminal case and rather raise civil allegations against Wayne County. Such allegations must be

raised, not in this action, but in a separate civil action, after first exhausting any administrative remedies available to Defendant. Because his motion in no way relates to his re-sentencing, the motion will be denied.[1]

The court will also deny Defendant's December 1, 2005 and January 18, 2006 motions, in which he requests certified copies of various statutes and other documents from A.U.S.A. Michael Liebson.[2] Defendant has failed to identify, and the court has been unable to locate, any authority which requires the Government to provided "certified" copies of the statutes, constitutional amendments and other documents requested by Defendant. Moreover, discovery--especially related to provisions of law--is generally not conducted during the sentencing stage of criminal proceedings. Finally, the form and phrasing of Defendant's requests, suggest to the court that Defendant does not actually seek these documents, but rather Defendant is attempting to utilize the requests to argue that the government was without authority to charge him with the offenses of which he was convicted.[3] Such arguments are premature, and Defendant

---

[1] The court also notes that, although the motion was filed just hours after his status conference, Defendant did not raise any of these concerns on-the-record to the court during his conference.

[2] The court notes that the two motions are almost entirely identical, with only a few minor variations. (*See, e.g.,* 1/18/06 Petition at p. 2, ¶ 10 & p. 5, "Preconclusion.") The December motion was handwritten, and it appears that the January motion was merely a more formal typewritten copy of the December motion.

[3] For example, Defendant repeatedly requests a copy of the statute or Constitutional Amendment which grants the A.U.S.A. the authority to charge, indict, convict or sentence Defendant in purported violation of various constitutional rights. (Def.'s Mots. at ¶¶ 7, 8 & 9.)

can raise them, through counsel or *pro se* as appropriate, in his re-sentencing brief. Until such time, however, the court will deny his motion. Accordingly,

IT IS ORDERED that Defendant's December 28, 2005 letter, docketed as a "Request for an Additional 30 Days Before Sentencing" [Dkt. # 567] is GRANTED. The court will conduct a status conference on **March 2, 2006 at 2:00 p.m.**

IT IS FURTHER ORDERED that Defendant's November 16, 2005 "Motion to Compel," docketed as a "Petition for Order to Strike/Quash All Illegal Unconstitutional Cost of Imprisonment" [Dkt. # 565]; Defendant's December 1, 2005 "Petition/Motion for Congressional Certified Documentes [sic]" [Dkt. # 566]; and Defendant's January 18, 2006 "Petition/Motion for Congressional Certified Documents" [Dkt. # 568] are DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: January 26, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 26, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522