**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.
                                     /

**ORDER DENYING DEFENDANT'S FEBRUARY 3, 2006 "FIRST AMENDMENT PETITION . . .," FEBRUARY 8, 2006 "PETITION," AND FEBRUARY 9, 2006 LETTER**

      On January 26, 2006, the court issued an order which, among other things, denied two motions (dated December 1, 2005 and January 18, 2006) filed by Defendant Felix Walls in which he requested certified copies of various statutes and other documents from A.U.S.A. Michael Liebson. Defendant has since filed three documents which again request the documents that the court has already held Mr. Liebson is not required to produce. First, on February 3, 2006, Defendant filed a "First Amendment Petition for the United States of America and All Agents Known and Unknown to Show Cause Why Certified Documents Establishing Jurisdiction and Authority to Imprison Pursuant to 18 § [sic] U.S.C. 4001(a) and 21 § [sic] U.S.C. 841 and 846." Next, on February 8, 2006, Defendant filed an identical document under the same title, with his January 18, 2006 motion attached as an exhibit. Finally, on February 8, 2006, the court received a letter from Defendant Walls, which was filed on February 9, 2006, in which he further explains why he is requesting these documents. Because all three

documents ask the court to revisit an issue which has already been determined, the court interprets the documents as motions for reconsideration, and will deny them.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

Here, Defendant has failed to identify any palpable defect by which the court has been misled. Instead, Defendant merely asserts the same arguments which he originally brought in his December 1, 2005 and January 18, 2006 motions. A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997). Accordingly, for all the reasons stated in the court's January 26, 2006 order,

IT IS ORDERED that Defendant's February 3, 2006 "First Amendment Petition . . ." [Dkt. # 570], February 8, 2006 "Petition" [Dkt. # 571], and February 9, 2006 letter [Dkt. # 572], all of which the court construes as motions for reconsideration, are DENIED.

As stated in the court's January 26, 2006 order, Defendant is DIRECTED to be prepared to inform the court specifically of the status of his attempts to retain counsel and the time he purports to reasonably need to prepare for re-sentencing at the court's **March 2, 2006** status conference. The court intends to set a re-sentencing date and preparation schedule after that hearing.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2006, by electronic and/or ordinary mail.

s/Kim Grimes  
Supervisor, Courtroom Deputy Services  
Acting in the Absence of Lisa Teets