**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Case No. 92-CR-80236-DT

FELIX WALLS,

      Defendant.
                                              /

**ORDER DENYING MOTION TO COMPEL AND MOTION TO STRIKE
AND DIRECTING THE CLERK OF THE COURT TO FILE APRIL 10, 2006 LETTER**

      Pending before the court are several documents submitted to the court by Defendant Felix Walls. First, on April 10, 2006, the court received a letter sent by Defendant Walls directly to chambers. It does not appear that this letter has been filed with the clerk's office or served on the Government. The court interprets this letter as an improper attempt to communicate with the court *ex parte.* The court will therefore not address any of the concerns raised in the April 10 letter, but will order that the letter be filed and electronically served on all counsel of record. If Defendant wishes to file a motion raising any issues contained within the letter, as he has done countless times in the past, Defendant is free to do so.

      On April 17, 2006, Defendant filed a "Motion to Compel Court Appointed Counsel." In this motion, Defendant requests that the court compel his court-appointed attorney and the Government to provide him with "a copy of the statute use[d] for imprisonment of Walls pursuant to 18 U.S.C. 4001(a)." (Def.'s 4/17/06 Mot. at 1.) Defendant has made this request, in various forms, multiple times over the past few

months and each time Defendant's requests have been denied. (*See*, eg., 1/26/06, 2/23/06 & 4/05/06 Orders.) In his current motion, Defendant further argues that he needs copies of the unspecified "duly enacted" and "documented statute(s)" because "21 U.S.C. 841 and 21 U.S.C. 846 are not enacted as a statute, nor can it be construed as such. It is only a prima facie statement of the statute law . . . Once construction is necessary, recourse must be had to the original statutes themselves." (Def.'s 4/17/06 Mot. at 2 & 5). Defendant's current motion, like the numerous motions already denied, is nonsensical, and the court will deny it as such.[1]

Finally, on April 18, 2006, Defendant filed a "Motion to Strike/Quash Null/Void Transcript." In his motion, Defendant asserts that the transcript prepared by the court reporter is "unconstitutional" because he claims that portions of the transcript have been redacted or deleted. (Def.'s 4/18/06 Mot. at 1.) Defendant made similar allegations following his jury trial, and the court rejected them as meritless. (*See* 1/31/03 Motion & 2/04/03 Order.) The court is not persuaded that his current allegations amount to anything more than, at best, a reflection of his inaccurate memory or, at worst, an attempt to salt the record with spurious allegations. Accordingly, the court will deny his motion.

For the reasons stated above, IT IS ORDERED that the clerk of the court is DIRECTED to place a copy of April 10, 2006 letter on the docket of this court and electronically serve the letter on counsel of record. IT IS FURTHER ORDERED that, to

---

[1] The court notes that also in the April 17, 2006 motion, Defendant complains that his court-appointed attorney had not yet conferred with him. (Def.'s 4/17/06 Mot. at 2.) The court will explore this assertion, and its possible implications, at the May 2, 2006 Sentencing Hearing.

the extent the April 10 letter can be construed as a motion, it is DENIED WITHOUT PREJUDICE.

IT IS ALSO ORDERED that Defendant's "Motion to Compel Court Appointed Counsel" [Dkt. # 591] and "Motion to Strike/Quash Null/Void Transcript" [Dkt. # 592] are DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 2, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 2, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522