**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.

                                      /

**ORDER INTERPRETING "AFFIDAVIT OF BIAS" AS A MOTION FOR
DISQUALIFICATION AND DENYING SAME**

This matter is before the court on remand from the United States Court of Appeals for the Sixth Circuit for re-sentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On May 1, 2006, Defendant Felix Walls filed an "Affidavit of Bias," in which he alleges that "the Honorable Judge Cleland holds a personal bias and prejudice" against him. (5/01/06 Aff. at 2.) Defendant seeks disqualification of this court, presumably pursuant to 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant has made similar requests for disqualification of this court in the past, which the court has denied. (*See* e.g., 9/12/02 Petition; 9/17/02 Order; 10/23/02 Order.) The court will likewise deny his current motion.

"In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th

Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003)). Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).[1]

In this case, Defendant relies solely on this court's prior rulings as "evidence" of the court's alleged bias. The Supreme Court has made clear that " judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994). In *Liteky,* the Court explained the "extrajudicial source doctrine," holding:

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source;

---

[1]Indeed, as the Supreme Court has noted, "[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions." *Liteky v. United States*, 510 U.S. 540, 551 (1994) (quoting *In re J.P. Linahan, Inc.,* 138 F.2d 650, 654 (2nd Cir. 1943)).

> and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id.,* at 28 (internal quotation marks omitted). *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune.

*Id.,* 510 U.S. at 555-556. Under the principles announced in *Liteky*, the court finds that Defendant has failed to allege facts reasonably calling into question this court's impartiality. *See* 28 U.S.C. § 455(a). Defendant's motion relies exclusively on this court's prior rulings, and Defendant's failure to allege any facts showing a personal or extrajudicial bias or prejudice of this court is fatal to his motion.

Defendant also argues that this court should disqualify itself because Defendant has recently filed a lawsuit against the undersigned judge. (5/1/06 Aff. at 3.) While under 28 U.S.C. § 455(b)(5)(i), the court would be required to disqualify itself if it were a party to *this* proceeding, there is no such requirement when the court is a party in a separate proceeding involving the same defendant. *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir.1977)("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *Scarrella v. Midwest Federal Sav. and Loan,* 536 F.2d 1207, 1209 (8th Cir. 1976) (holding that judges were not disqualified merely because they

3

were parties in a separate action involving one of the litigants).[2] As discussed above, Defendant has failed to allege any facts which demonstrate "reliance upon an extrajudicial source . . . . " *Liteky,* 510 U.S. 540 at 555. Nor are the defendant's averments the "rare[ ] circumstance[ ]" variety that might "evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.*

Because Defendant has failed to identify any legitimate basis for disqualification, IT IS ORDERED that Defendant's "Affidavit of Bias" [Dkt. # 596] is INTERPRETED as a motion for disqualification and is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: May 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[2] Indeed, the court notes that some judges have even refused to disqualify themselves when a party seeks to add the judge as a party to the proceeding pending before the particular judge. *See, e.g., Rodriguez ex rel. Rodriguez-Hazbun v. National Center for Missing & Exploited Children*, No. Civ. A. 03-120, 2005 WL 736526, at *2 (D.D.C. Mar. 31, 2005) ("Because plaintiffs' motion and amended complaint are merely a transparent attempt at judge-shopping and forum-shopping, the motion to disqualify will be denied and the amended complaint will be stricken in its entirety."); *see also* 32 Am. Jur. 2d Federal Courts § 149 ("A judge who is named as a defendant in a plaintiff's amended complaint is not required to disqualify himself or herself under 28 U.S.C. § 455(b)(5)(i) unless there is a legitimate basis for suing the judge. For a judge to be disqualified simply because the plaintiff has sued that judge would be to allow the plaintiff to manipulate the identity of the decision-maker and thus to engage in judge-shopping.").