**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.
_____/

**RE-SENTENCING ORDER**

This matter is before the court on remand from the United States Court of Appeals for the Sixth Circuit for re-sentencing on Count 1 of the Third Superseding Indictment in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The court has received sentencing briefs from both parties and conducted a re-sentencing hearing on July 31, 2006. For the reasons stated on the record, and further stated below, the court will impose a sentence of life imprisonment for Count 1 of the Third Superseding Indictment.

**I. INTRODUCTION**

After a jury trial in which Defendant Felix Walls represented himself, Defendant was convicted on both counts of a two-count indictment. Specifically, on May 22, 2003, Defendant was convicted of "Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine" under 21 U.S.C. § 846, and "Conspiracy to Launder Monetary Instruments," in violation of 18 U.S.C. § 371.

On February 20, 2003, this court sentenced Defendant to concurrent sentences of life imprisonment on Count 1 and sixty months imprisonment on Count 2. Defendant appealed his sentence, and the United States Court of Appeals for the Sixth Circuit affirmed the conviction on both Counts, but vacated the sentence on Count 1 and remanded for re-sentencing in light of the Supreme Court's intervening decision in

*United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Walls*, 148 F. App'x 286 (6th Cir. 2005).

On remand, the government asks that the court impose the same sentence as was originally imposed. (Gov't's Sentencing Br. at 2.) Defendant argues that he should be sentenced to between 121 and 151 months imprisonment and that, because he has already served this time, he should be immediately released. (Def.'s Sentencing Br. at 5, 9.)

## II.  STANDARD

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court applied this rule to state sentencing guidelines in *Blakely v. Washington*, 542 U.S. 296 (2004). The *Blakely* Court specified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original). The Court found that the defendant's enhanced sentence issued under the State of Washington's sentencing procedures violated the Sixth Amendment based on the rule in *Apprendi*. *See id.* at 305-06.

The United States Supreme Court later held that the rule set forth in *Blakely* applies to the United States Sentencing Guidelines. *United States v. Booker*, 543 U.S. 220 (2005). More specifically, the *Booker* Court applied the principles in *Blakely* to hold that the Sentencing Guidelines were unconstitutional insofar as they mandated that a defendant's sentence be increased based on facts not found by the jury beyond a reasonable doubt. *Id.* at 243-44. To remedy this constitutional violation, the Court severed two sections of the Sentencing Reform Act (the "SRA"), making the Sentencing

2

Guidelines effectively advisory. *See id.* at 244-264 (severing and excising 18 U.S.C. § 3553(b)(1) & § 3742(e)).

### III. DISCUSSION

Following *Booker*, the court believes that the proper approach in fashioning a sentence is to first consider the correctly-calculated Guideline range (commonly as recommended by the probation officer). The court must, however, fully take into account and resolve any objections and make whatever factual findings may be needed, by a preponderance of the evidence, upon which to base sentencing enhancements or diminutions as provided for in the Guidelines. The court should then decide whether there is any basis on which to depart either upward or downward within the Guidelines regime. If there is such a basis, it should be duly announced and supported. The court should then evaluate the factors set forth in 18 U.S.C. § 3553(a)(1)-(7) and consider further possible reasons to vary from the Guideline range, attempting to avoid "double-counting" of factors already taken into account. The goal, through all of this, is to arrive at a sentence which is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a).[1]

Relying on *Apprendi*, *Blakely*, and *Booker*, Defendant argues that, in fashioning his sentence, this court may not rely on any facts not expressly found by the jury. Under Defendant's view, a sentencing court would be without discretion to find *any* facts which would enhance the sentence. The court rejects this argument as inconsistent with the holding in *Booker* and its progeny. Indeed, *Booker* itself recognized that the

---

[1]This approach, fundamentally, was the one utilized by the court in *United States v. Coleman*, 370 F. Supp. 2d 661 (S.D. Ohio 2005). In *Coleman*, the court declared that in its post-*Booker* sentencings it would begin "by considering the applicable Guideline range as recommended by the probation officer's report." *Id.* at 667. The court stated that next, it would consider the parties' objections and make any necessary factual findings for sentencing enhancements under the preponderance of the evidence standard. *Id.* After determining what enhancements apply, the court would then evaluate the rest of the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). *Id.*

Supreme Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Booker*, 543 U.S. at 233 (citing *Apprendi,* 530 U.S. at 481; *Williams v. New York,* 337 U.S. 241, 246 (1949)).

Rather, in *Booker*, the Court found that it was the mandatory nature of the Sentencing Guidelines which made them incompatible with the Sixth Amendment. *See Booker,* 543 U.S. at 259 ("Without this provision--namely the provision that makes 'the relevant sentencing rules . . . mandatory and impose[s] binding requirements on all sentencing judges'--the statute falls outside the scope of *Apprendi's* requirement"); *see also id.* at 233 ("[E]veryone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the SRA the provisions that make the Guidelines binding on district judges."). This is why the Court chose to remedy the constitutional violation by rendering the Guidelines *advisory* rather than *mandatory*. Thus, district courts may still consider the same evidence, and make the appropriate findings,[2] under the applicable Sentencing Guidelines; once the applicable range is determined, however, the court must determine in its discretion whether this range is appropriate, after considering all the other factors in § 3553(a). *United States v. Oliver*, 397 F.3d 369, 380 n.3, 382 n.5 (6th Cir. 2005); *see also United States v. Jamieson*, 427 F.3d 394, 417 (6th Cir. 2005) ("As the *Booker* [C]ourt explained however, the district court must take the recommended guidelines into account when re-sentencing [the defendant]."); *United States v. McDaniel*, 398 F.3d 540 (6th Cir. 2005)

---

[2] The court will utilize a "preponderance of the evidence" standard to make the relevant findings of fact which may result in sentencing enhancements or downward departures. *See United States v. Yagar*, 404 F.3d 967, 972 (6th Cir. 2005) ("[A] finding under the Guidelines must be based on reliable information and a preponderance of the evidence."); *see also Coleman*, 370 F. Supp. 2d at 667-68 ("[M]ost courts agree that judicial fact-finding [post-*Booker*] may be made by a preponderance of the evidence so long as the court is operating in an advisory regime.") (citing *Cirilo-Munoz v. United States,* 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States,* 404 F.3d 139, 143 (2d Cir. 2005); *United States v. Mares,* 402 F.3d 511, 519 (5th Cir. 2005); *Yagar,* 404 F.3d at 972; *McReynolds v. United States,* 397 F.3d 479, 481 (7th Cir. 2005)).

("Although the *Booker* Court severed and rendered inapplicable 18 U.S.C. § 3553(b)(1) and 3742(e), which made adherence to the Guidelines mandatory, the *Booker* Court also explained that sentencing courts should continue to consider the recommended Guidelines sentence.").

After determining the appropriate guideline range and applicable sentencing enhancements, the court will evaluate the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). After considering these factors, and any further evidence that the parties may choose to submit, the court will determine the appropriate sentence which is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a) and reasonable under the particular facts of the case.

Applying this framework to the instant case, the court first finds that the probation officer's calculation of the appropriate guideline range is correct. For the reasons stated fully on the record, the court rejects Defendant's objections[3] and finds that the probation officer correctly calculated Defendant's offense level as 42 and criminal history category as III. The guideline imprisonment range is, simply, life imprisonment. The statutory minimum term of imprisonment for a violation of 21 U.S.C. § 841(b)(1)(A) is 10 years, and the maximum is life.[4] Because the statutory maximum comprehends a sentence of

---

[3] As stated on the record, the court specifically rejects Defendant's wholly unsupported point (offered only in the form of a presentence report "objection" supplemented by a memorandum) that the Comprehensive Drug Abuse Prevention and Control Act can have no legal effect because it was never printed in the Federal Register. Defendant's fundamental argument – that *statutes* enacted by Congress must be first printed in the Federal Register – fails to persuade. *See generally*, 44 U.S.C. § 1505 (listing documents which must be printed in the Federal Register); 44 U.S.C. § 1501 (defining "documents" as "a Presidential proclamation or Executive order and an order, regulation, rule, certificate, code of fair competition, license, notice, or similar instrument, issued, prescribed, or promulgated by a Federal agency.").

[4] In an apparent typographical error, the Sixth Circuit opinion remanding this case included a statement that the minimum sentence was fifteen years. *United States v. Walls,* 148 F. App'x 286, 290 (6th Cir. 2005) ("As noted, the jury found that the drug conspiracy involved '5 kilograms or more' of cocaine. The statutory penalty of imprisonment for such an offense ranges from 15 years to life.").

life imprisonment, there is no violation of *Apprendi. See United States v. Shulte*, 264 F.3d 656, 660 (6th Cir. 2001) (holding that *Apprendi* does not restrict sentencing guideline enhancements, so long as the statutory maximum is not exceeded).

The court is not persuaded that any of the remaining factors listed under 18 USC 3553(a),[5] warrant any adjustment to the original sentence. While it is fully within the

---

[5] Under 18 U.S.C. § 3553, the court is to consider the following sentencing factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–
        (I) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement–

court's discretion to reduce Defendant's original sentence of life, Defendant has not presented any basis to convince the court that the sentence originally imposed is unreasonable, unfair or excessive under the circumstances. Indeed, the facts and circumstances of Defendant's lengthy career in pursuit of criminal objectives and his blatant disregard for the laws of the United States warrant a particularly severe sentence. In sum, the court thinks it far better for society that Defendant spend all of his remaining years in a secure environment, restrained from preying upon others.

Accordingly, upon consideration of the now-advisory and correctly calculated range, finding no reason to depart under the guidelines from that range, and in consideration of the factors noted at 18 U.S.C. § 3553(a), the same sentence as originally imposed will, in the court's discretion, be re-imposed here. The court finds this sentence to be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), and reasonable under the facts of this case.

## IV.  CONCLUSION

IT IS ORDERED that Defendant is RE-SENTENCED to life imprisonment on Count 1, concurrent with the sentenced imposed on Count 2, of the Third Superseding

---

(A)  issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(B)  that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553 (a)(1)-(7).

Indictment. A separate Judgment and Commitment Order will issue.

                                           S/Robert H. Cleland
                                           ROBERT H. CLELAND
                                           UNITED STATES DISTRICT JUDGE

Dated: August 1, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 1, 2006, by electronic and/or ordinary mail.

                                           S/Lisa Wagner
                                           Case Manager and Deputy Clerk
                                           (313) 234-5522