UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.
                                                        /

**ORDER DENYING PENDING MOTIONS**

Pending before the court are two motions filed *pro se* by Defendant Felix Walls on December 21, 2006.  First, Defendant Walls filed a "Motion to Compel," in which he asks the court to compel the Warden of the federal correctional institution in Milan, Michigan and an "Officer Dutton" to "release all of [Defendant's] legal property left in their custody and control on March 28, 2006, and on September 6, 2006. " (Def.'s Mot. at ¶ 1.)  Defendant captions the motion under the existing criminal case number but entitles it as though it were an independent civil matter against the Milan warden and Officer Dutton.  Defendant does not indicate exactly what "legal property" was left in the purported "defendants'" custody, nor does he indicate under what authority he asks this court to intervene in what appears to be an administrative matter of the Bureau of Prisons.  Indeed, from the face of Defendant's motion it does not appear he has exhausted any administrative remedies which may be available to him.  The court denied a substantially similar motion in 2002 [Dkt. ## 403 & 404], and Defendant has

not persuaded the court that he is entitled to a different disposition of his current motion. Accordingly, his motion to compel will be denied.

Also pending before the court is a "Motion for Reduction of Sentence," filed under 18 U.S.C. § 3582, in which Defendant argues that his sentence should be reduced because the Federal Sentencing Guidelines were unconstitutionally applied. Defendant's motion is simply not properly brought before this court at this time. Under § 3582, "the court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Although there are a few exceptions to this rule, none of them apply in this case, especially given the fact that Defendant is currently appealing this court's sentence to the Sixth Circuit Court of Appeals. *See Pittock v. Otis Elevator Co.,* 8 F.3d 325, 327 (6th Cir. 1993) ("As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter."). Defendant may challenge his sentence on appeal and, if unsuccessful, on collateral review under 28 U.S.C. § 2255. At this point, however, his motion his motion will be denied.

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Compel" [Dkt. # 627] and "Motion for Reduction of Sentence" [Dkt. # 626] are DENIED.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2007, by electronic and/or ordinary mail.

      <u>S/Lisa Wagner</u>
Case Manager and Deputy Clerk
(313) 234-5522