UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO STRIKE . . ."**

Before the court is Defendant Felix Walls's "Motion to Strike/Quash the Jan[uary] 12, 2007 Order Denying Motion to Compel B.O.P. Officials," filed on January 30, 2007. The court interprets the motion as a motion for reconsideration of the court's January 12, 2007 order and will deny it.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In its January 12, 2007 order, the court denied Defendant's "Motion to Compel," in which he asked the court to compel the Warden of the federal correctional institution in Milan, Michigan and an "Officer Dutton" to "release all of [Defendant's] legal property

left in their custody and control on March 28, 2006, and on September 6, 2006. " (Def.'s 12/21/06 Mot. at ¶ 1.)  The court noted that Defendant had captioned the motion under the existing criminal case number but entitled it as though it were an independent civil matter against the Milan warden and Officer Dutton.  The court denied the motion because Defendant did not indicate exactly what "legal property" was left in the purported "defendants'" custody, nor did he indicate under what authority he asks this court to intervene in what appears to be an administrative matter of the Bureau of Prisons.  The court further explained that Defendant had not appeared to have exhausted any administrative remedies which may be available to him.

In his current motion, Defendant fails to identify "a palpable defect by which the court and the parties have been misled" or show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3).  Instead, Defendant merely argues that this court abused its authority and disregarded its judicial duties.  The court views Defendant's argument as simply a disagreement with the outcome of the motion, rather than the basis of a motion for reconsideration.[1]  Accordingly,

IT IS ORDERED that Defendant's "Motion to Strike . . ." [Dkt. # 630] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 12, 2007

---

[1]To the extent Defendant's *pro se* motion can be interpreted as a motion for disqualification the court will deny it for the reasons such motions by Defendant have been denied in the past.   (*See e.g.*, 9/17/02 Order; 10/23/02 Order; 5/09/06 Order.)  It is not an abuse of discretion to deny a motion to disqualify where the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench."  *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 12, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522