**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 92-CR-80236-DT
                                                 07-CV-10684-DT

FELIX WALLS,

    Defendant.
                                                /

**OPINION AND ORDER DENYING DEFENDANT'S
"RULE 60(B)(4) MOTION TO VACATE JUDGMENT," DOCKETED AS A
"MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255"**

Pending before the court is Defendant Felix Walls's February 15, 2007 "Rule 60(b)(4) Motion to Vacate Judgment," which has been docketed as a "Motion to Vacate Sentence Under 28 U.S.C. § 2255." Having reviewed the motion, the court finds that no responsive pleading is necessary. The motion will be denied.

Defendant purportedly brings his motion, in this criminal matter, under Federal Rule of Civil Procedure 60(b)(4), but it is properly construed as a motion under 28 U.S.C. § 2255. Defendant attacks the constitutionality of his conviction and sentence and argues that the issues presented in his motion "are subject to collateral review." (Def.'s Mot. at 4.) Whether construed as a Rule 60 motion or a § 2255 motion, however, the court lacks jurisdiction over the motion because Defendant is currently appealing this court's sentence to the Sixth Circuit Court of Appeals. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993) ("As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at

that point the appellate court assumes jurisdiction over the matter."); *see also Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("In the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal."); *United States v. Moss,* 189 F.R.D. 354, 356 (E.D. Mich.1999) ("As petitioner timely filed a notice of appeal of this Court's June 15, 1999 entry of Judgment, this Court does not have jurisdiction to entertain his Rule 60(b) request."). The Sixth Circuit explained in *Capaldi* that "[a]n application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. . . . Moreover, determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Capaldi*, 135 F.3d at 1124.

No extraordinary circumstances exist in this case which would allow the court to consider Defendant's motion while his case is pending on direct appeal. *United States v. Davis*, No. 90-3956, 1991 WL 52900, *1 (6th Cir. April 10, 1991) (affirming district court's determination to construe Rule 60(b) motion as a § 2255 motion and to deny of the motion because "[n]ormally, a district court is precluded from considering a § 2255 motion while review of the direct criminal appeal is pending, in the absence of extraordinary circumstances"). As the court stated in its January 12, 2006 Order, Defendant may challenge his sentence on appeal and, if unsuccessful, on collateral review under 28 U.S.C. § 2255. (1/12/06 Order at 2.) At this point, however, his motion will be denied.

For the reasons stated above, IT IS ORDERED that Defendant's February 15, 2007 "Rule 60(b)(4) Motion to Vacate Judgment," docketed as a "Motion to Vacate Sentence Under 28 U.S.C. § 2255," [Dkt. # 632] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 22, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 22, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522