**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 92-CR-80236-DT

FELIX WALLS,

    Defendant.

                                                      /

**ORDER DENYING DEFENDANT'S MOTION TO QUASH**

Before the court is Defendant Felix Walls's "Motion to Quash," filed on March 22, 2010. In his motion, Defendant Walls attacks two orders entered by this court on February 12, 2010: an order denying Defendant's motion for an evidentiary hearing and a motion denying Defendant's motion for appointment of counsel and for appointment of an expert. Because Defendant challenges the substance and conclusion of the court's two February 12, 2010 orders, the court interprets his motion as a motion for reconsideration.

Under the local rules of the Eastern District of Michigan, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR (h)(1). Defendant's motion was filed over a month after entry of the orders of which he seeks reconsideration, and thus must be denied as untimely.

Even if Defendant had timely moved for reconsideration, his request would be denied on the merits as well. In moving for reconsideration, Defendant must (1) "demonstrate a palpable defect by which the court and the parties and other persons

entitled to be heard on the motion have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR (h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In his motion, Defendant continues to make arguments that the trial transcript in his case is "incomplete" and "sanitized" (Def.'s Mot. at 5), and that Defendant is entitled to counsel, an expert, and an evidentiary hearing to further explore his allegations. These arguments have been presented before, and are not a basis for a motion for reconsideration. "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).

Defendant argues that the court's previous orders are "null and void" because the court had an alleged conflict of interest. (Def.'s Mot. at 2.) To the extent Defendant argues that the court should recuse itself from this case, the court will deny this request as it has denied similar requests in the past. (*See, e.g.*, 9/12/02 Petition; 9/17/02 Order; 10/23/02 Order; 5/09/06 Order; 6/28/06 Order.) Disqualification is governed by 28 U.S.C. § 455 and "[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)). Defendant's allegations of conflict of

2

interest relate solely to the court's rulings in this matter and to its role as the presiding judge over Defendant's criminal trial. Therefore, it is within the court's discretion to deny a request to disqualify where, as here, the request "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984).

As the court noted in its previous orders, Defendant's direct appeal has concluded, and he has not filed a motion under 28 U.S.C. § 2255. There is no pending matter before this court which would require an evidentiary hearing, appointment of counsel, or appointment of an expert.[1] Defendant has failed to identify any palpable defect by which the court and the parties have been misled, the correction of which will result in a different disposition of the court's February 12, 2010 orders. There is therefore no basis to "quash," or reconsider, the court's prior holdings. Accordingly,

IT IS ORDERED that Defendant's "Motion to Quash" [Dkt. # 659] is DENIED.

                                        S/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: May 21, 2010

---

[1] Defendant argues that he cannot file a motion under 28 U.S.C. § 2255 "without the probative evidence withheld under 28 U.S.C. [§] 753(b)." (Def.'s Mot. at 3.) The court is unpersuaded that a § 2255 motion cannot be filed without Defendant's requested relief. Whether an evidentiary hearing might be required following the filing of any such motion is not a question the court need answer in this order.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 21, 2010, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522