**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Case No. 92-80236

FELIX WALLS,

      Defendant.
_____/

**ORDER REQUIRING RESPONSE TO MOTION FOR RECONSIDERATION**

On February 20, 2003, the court sentenced Defendant Felix Walls to life imprisonment, with five years of supervised release required in the event he were ever released. On February 23, 2018, the court denied a motion filed by the United States of America, specifically the Director of the Federal Bureau of Prisons (the Government), to modify Defendant Felix Walls's term of imprisonment, reducing it to "time served," or about 22 years. In denying the motion, the court based its decision, in part, on the fact that the Government had not supported its motion with any details or medical records about Defendant's purported failing health, which was described in general terms seemingly derived from the Bureau of Prisons.

Thereafter, counsel for Defendant filed a timely motion for reconsideration, asserting that he would now produce medical records more clearly demonstrating Defendant's condition. Responses to reconsideration motions are not allowed unless otherwise ordered by the court. *See* E.D. Mich. LR 7.1(h)(2). Having reviewed the motion, the court will order a response.

The court is inclined to deny the motion for reconsideration for failing to "demonstrate a palpable defect by which the court and the parties . . . have been misled" and failing to "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Defendant does not appear to identify any such defect, as such, but seeks to cure the relative paucity of evidentiary support by submitting certain records. It seems to the court that rather than filing a motion for reconsideration, Defendant could simply have given the medical records to the Government, and allow the Government to consider whether it deems it appropriate to file a new, or renewed, motion for compassionate release. The court can think of no reason to limit the number of such motions, as the underlying facts are always subject to change as time passes. The ordinary proclivity to bring cases to an end does not seem apt in this circumstance.

However, the court does note that in the motion for reconsideration, counsel for Defendant states that "[a]lthough it was not clear whether it was necessary to seek concurrence to the relief sought herein, as the original motion was filed by the government, concurrence was sought but not granted." (Dkt. # 709, Pg. ID 7239.) From this reaction, it appears that the Government may no longer seek to pursue its motion for compassionate release. Again, as noted above, circumstances may change as time passes.

In any event, before ruling on the motion for reconsideration, the court would be assisted with a response to ascertain the Government's current position. Accordingly,

IT IS ORDERED that the Government's is DIRECTED to file a response to Defendant's motion for reconsideration [Dkt. #709] on or before **April 23, 2018**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 31, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2018, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (810) 292-6522