**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   Plaintiff,

v.                Case No. 92-80236

FELIX WALLS,

   Defendant.
_____/

**ORDER DENYING AS MOOT MOTION FOR LEAVE TO REDISCLOSE THE PRESENTENCE REPORTS AND DENYING MOTION FOR SENTENCE REDUCTION**

   Before the court are two motions field by Defendant Felix Walls. First, through counsel, Defendant Walls filed a "Motion for Leave to Redisclose the Presentence Investigation Reports." Thereafter, Defendant filed a "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782." The Government filed a response in opposition to both motions. The court will deny both.

   Defendant seeks a reduction in his sentence, relying both on his medical conditions and on the assertion that he is entitled to a two-level reduction in his guideline calculations due to the retroactive application of Amendment 782. Under 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced only when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Any reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 827 (2010). A sentencing

court is specifically not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Indeed, subsection (a)(2)(B) states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Defendant is correct that the guidelines have changed and that the relief was made retroactive to current prisoners. Nonetheless, because Defendant was held accountable for over 1,200 kilograms of cocaine, his base offense level of 38 remains the same as when he was originally sentenced. Thus, Defendant's guideline range in this case is not impacted by Amendment 782. Furthermore, the court has already considered, and rejected, a motion for compassionate release based on Defendant's medical conditions. (Dkt. # 707.) His asserted conditions do not entitle him to relief under 18 U.S.C. § 3582.

In his motion to redisclose the presentence investigation report ("PSIR"), counsel asks for additional copies of the PSIR for aid in preparing a petition for clemency or communtation. Since that time, however, Defendant has used a copy of the PSIR as an exhibit in another motion. (Dkt. # 710.) It is therefore clear that Defendant is already in possession of the requested PSIR and, as suggested by the Government, this motion is now moot. Accordingly,

IT IS ORDERED that Defendant's "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782" (Dkt. # 703) is DENIED and his "Motion

for Leave to Redisclose the Presentence Investigation Reports" (Dkt. # 701) is DENIED

AS MOOT.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: July 11, 2019


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 11, 2019, by electronic and/or ordinary mail.


                                          S/Lisa Wagner
                                          Case Manager and Deputy Clerk
                                          (810) 292-6522