**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                   Case No. 92-80236

FELIX WALLS,

       Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO QUASH, MOTION UNDER FIRST STEP ACT, AND PETITION FOR A WRIT OF MANDAMUS

Before the court are a series of motions filed by Defendant Felix Walls relating to proceedings before this court on March 10, 2016. First, Defendant filed a "Motion to Quash/Dismiss All Orders" on September 11, 2018. In this motion, Defendant argues that on March 10, 2016, Defendant entered into a contractual agreement with the Government and the court where he stipulated to dismiss 17 motions and, in exchange, neither the court nor the Government would object to any request for clemency, compassionate release, or reduction of sentence. Defendant asserts that both the Government and the court breached that agreement through subsequent actions opposing or denying various motions.

After the motion to quash motion was assigned to the undersigned judge, Defendant also filed a "Motion Under First Step Act for Recusal" and a "Petition for a Writ of Mandamus," in which he argues that because the court denied the Government's motion for compassionate release, it somehow "reneged" on the alleged agreement with

Defendant to not object to any request for clemency. Defendant contends that he is entitled to various forms of relief, ranging from reinstating his withdrawn motions to releasing him from custody. The court will deny his requests.

## I. DISCUSSION

All three of Defendant's motions are based on a hearing conducted by this court on March 10, 2016. Defendant contends that during the proceedings, the court and the Government entered into a contractual agreement with Defendant that was subsequently breached, thereby violating Defendant's nebulous "rights" and demonstrating bias by this court. The court, however, recollects the March 10, 2016 hearing quite clearly, and did not enter into anything remotely approaching any kind of agreement—indeed, such an occurrence would be extraordinary and more than ordinarily noteworthy. The court convened proceedings, prepared to hear argument on the then-pending 17 motions. Instead of presenting his motions, Defendant, through counsel, informed the court of his intention to withdraw his motions in order to focus his attention elsewhere. Specifically, Defendant's counsel stated that he would be focusing on a commutation petition, obtaining medical attention, and attempting to gain authorization for Defendant to donate a kidney to his daughter. The court's recollection is borne out by the official transcript of the proceedings. (ECF No. 720, PageID.7415.)

The relevant hearing opened with Attorney Sanford Schulman indicating that he would be representing Defendant, that he had discussed the case with Defendant, and he had prepared a document which would withdraw all pending motions. (*Id.*) Defendant indicated his assent with that statement, stating that he wanted to focus on helping his daughter and getting medical attention, and that he was "not intending to

2

argue anything in this courtroom." (*Id.* PageID.7416.)  When the court inquired whether it was Defendant's position that the motion hearing should not go forward and the motions should be withdrawn, Defendant explained that his attorney had told him that he "could never get commutation with these motions pending." (*Id.* PageID.7417.)  The court responded, "I don't know if that's true or not true.  It's his position.  It's his position on that."  Thus, contrary to Defendant's current argument, the court specifically distanced itself from any discussion on the merits or likelihood of success of any commutation petition.  Instead, the court said:

> The thing I am here to do is to, is to discuss these motions.  Mr. Schulman has said there's no need to discuss the motions because you are agreeing to withdraw them. If that is a correct statement, then we're going to end this in about two minutes.  But if that's not correct, then I need to go forward with these motions as planned and, we'll handle them for the next several hours, or whatever may be required.

(*Id.* PageID.7417-7418.)  The court then recessed to allow Defendant a chance to discuss the issue privately with his attorney.  After a brief recess, the court reconvened and Defendant and his attorney confirmed that they would be withdrawing the motions so that Mr. Schulman could focus on "the issues that [he thought] are most important." (*Id.* PageID.7422.)   Defendant tendered a written confirmation, to be filed, indicating which motions he was withdrawing.  (ECF No. 700.)  The court then asked the Government, "is there anything for the Government?" and the Assistant United States Attorney replied, "Not on behalf of the Government, your Honor."  The court accepted Defendant's oral and written stipulation and observed that he was operating knowingly and intelligently and that he had been properly and thoroughly advised.  The hearing was then concluded.

There were no assurances made by the court.  There were no stipulations made by the Government.  There were no positions taken by the Government or the court whatsoever.  The hearing was entirely driven by Defendant and his attorney's assessment of their priorities and strategies.  Defendant's decision to withdraw his motions was made knowingly and voluntarily, without any undue pressure or input from the court or the Government.  He clearly articulated that he preferred to focus on other matters and forego any habeas or other relief in this court, insisting that he was "not intending to argue anything in this courtroom."  (*Id.* PageID.7416.)

Defendant's current assertion that the court made any sort of bargain or promises to him is wholly belied by the record and borders on an attempt at fraud on the court.  There was no such interaction between the court and Defendant, and there was no contract. His decision to withdraw the motions was his and his alone.  His requests for various forms of relief are therefore based on a false premise and they will be denied.

His requests for disqualification will also be denied.  Motions for disqualification are governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir.

4

2003)). Therefore, it is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984).

All of Defendant's arguments for disqualification relate to rulings this court has made. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. Unites States*, 510 U.S. 540, 555 (1994). An objective standard governs whether a judge must disqualify. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), *cert. denied*, 498 U.S. 980 (1990)). A judge must disqualify when an objective, reasonable person who "knowing all of the circumstances, would have questioned the judge's impartiality" but a judge need not disqualify, "based on the 'subjective view of a party' no matter how strongly that view is held." *Sammons,* 918 F.2d at 599 (*quoting Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert. denied*, 488 U.S. 1018 (1989)). Defendant fails to articulate any extra-judicial source from which this court's alleged bias emanates. Defendant simply does approve of his motions being judged unsuccessful. Having an unsustainable, nonmeritorious, or fantastical position will result in a denial of a motion. Making up facts, as he seems to have done here, will also result in a denial. Defendant cannot force his case to another judge solely because he is unhappy with his results. There are no grounds for disqualification.

## II. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Quash/Dismiss All Orders" (Dkt. #

719), "Motion Under First Step Act for Recusal" (Dkt. # 721), and "Petition for Writ of

Mandamus" (Dkt. # 722) are all DENIED.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 11, 2019


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 11, 2019, by electronic and/or ordinary mail.

        S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Criminal\Walls\92-80236.WALLS.Dismiss.Quash.Recuse.docx