# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 92-CR-80236** |
|         Plaintiff, | **HON. ROBERT CLELAND** |
| v. | |
| **FELIX WALLS,** | |
|         Defendant. | |
| _____/ | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 729]

In accordance with the Court's order dated April 15, 2020, the United States submits this memorandum and proposed indicative ruling in response to defendant Felix Walls's most recent motion for compassionate release. Because Walls has appealed the Court's previous order denying compassionate release, entered in February 2018, and because that appeal remains pending, the Court lacks jurisdiction over any request for compassionate release here. Because Walls has not exhausted a request for compassionate release based on COVID-19, and because the statutory exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is mandatory, the Court also would not have the authority to grant a new motion for compassionate release based on COVID-19 until after Walls satisfies that exhaustion requirement.

But the Court *could* issue an indicative ruling under Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1, indicating that it would reconsider and grant the previous motion for compassionate release based on the reasons originally set forth in the Bureau of Prison's motion for release in June 2017. The Court would have the authority to revisit that motion if the Sixth Circuit were to remand the pending appeal. 28 U.S.C. § 2106. And the original reasons for the BOP's motion for compassionate release have only become more pronounced with the passage of time. The government has therefore submitted a proposed indicative ruling setting forth the reasons why the previous order denying release would be reconsidered, and why compassionate release would be granted, if the Sixth Circuit were to remand the appeal. Assuming the Court issues the indicative ruling, the government will then move to remand the appeal.

**I.     INTRODUCTION**

On April 15, 2020, the Court directed the United States to respond to Walls's motion for compassionate release, filed by his daughter, Allegra Walls, who is allegedly acting with his power of attorney. (ECF No. 729).

This Court has a long history with this defendant. After a jury convicted Walls of running a large-scale drug operation that began in 1985, the Court sentenced him to life imprisonment. *See United States v. Walls*, 546 F.3d 728,

731–34 (6th Cir. 2008). At the time of his sentencing, the Court emphasized Walls's unapologetic and "lifetime devotion" to crime and his "blatant ... disregard for societal norms for the laws of the United States." *Id.* at 734. Walls has been in custody since 1994, when he was in his early 50s.

Walls's health has deteriorated significantly as he has aged in prison. Thus, on June 19, 2017, the Director of the Federal Bureau of Prisons filed a motion to modify Walls's term of imprisonment under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence to time served. (ECF No. 705). The Court denied the government's motion on February 23, 2018, basing its decision, in part, on the fact that the government had not supported its motion with any details or medical records about Walls's failing health. (ECF No. 707). Counsel for Walls filed a motion for reconsideration, asserting that he would produce medical records demonstrating his health condition. (ECF No. 709). Walls then filed 65 pages of medical records and a supplemental brief to support his argument that Walls had a rapidly-deteriorating medical condition. (ECF No. 710). Upon the Court's request, the government filed a five-page medical note on April 23, 2018. (ECF No. 712).

On May 18, 2018, the Court denied the motion for reconsideration, noting the procedural and substantive issues. (ECF No. 713). The court stated that the motion was not without prejudice to the government re-filing the motion, using the

medical records submitted by Walls and correcting other defects noted by the Court. (ECF No. 713 PageID. 7323). The Court later issued two orders denying Walls's other various motions. (ECF No. 724; ECF No. 725).

Walls then filed a pro se notice of appeal, seeking to contest the Court's denial of these various motions. (ECF No. 726). The Sixth Circuit recently denied the government's motion to dismiss the appeal as untimely (ECF No. 728), so that appeal remains pending. In his brief, Walls challenges the Court's denial of his motion for compassionate release. (Walls Brief at 3, 6th Cir. No. 19-2020 (Nov. 15, 2019)).

Meanwhile, Walls's daughter filed a new motion for compassionate release on April 14, 2020. (ECF No. 729). This Court ordered the United States to respond by April 21, 2020. The Court requested that the government address: (1) its current position on compassionate release; and (2) whether the pending appeal divests the Court of jurisdiction to consider this motion. The Court directed the government to draft a proposed order. (ECF No. 730 PageID. 7470).

For the reasons stated below, this Court should deny the latest motion for lack of jurisdiction and failure to exhaust. The Court may, however, issue an indicative ruling stating that it would be willing to grant the original motion for compassionate release, for the grounds set forth in the government's 2017 motion for reduction in sentence, if it were to obtain jurisdiction of Walls's case upon

4

remand from the Sixth Circuit. An indicative ruling, a draft of which is submitted by the government in this case, would permit the government to move to remand the appeal, and give this Court jurisdiction to grant compassionate release based on that original motion.

## II. ARGUMENT

### A. The Court Lacks Jurisdiction to Review Walls' Motion While a Motion Seeking Similar Relief is Pending Appeal

Walls has a pending appeal challenging the Court's previous denial of compassionate release, and his pending appeal deprives the Court of jurisdiction to act here. Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals. *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). Specifically, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984).

Filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995). Thus, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB v. Cincinnati Bronze,*

5

*Inc.,* 829 F.2d 585, 588 (6th Cir. 1987). This general rule applies unless that appeal is untimely; it is an appeal from a non-appealable non-final order; or it raises only issues that were previously ruled upon in that case by the appellate court. *United States v. Williams,* 2006 WL 3203748, at *6 (6th Cir. 2006); *see also Taylor v. KeyCorp,* 680 F.3d 609, 616 (6th Cir. 2012) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)). After the filing of a notice of appeal, the district court retains jurisdiction only to enforce the judgment or to "proceed with matters that are in aid of the appeal." *Taylor,* 680 F.3d at 616 n.8 (citations omitted).

This Court lacks jurisdiction over Walls' present motion because the requested relief here involves matters related to the merits of Walls' appeal. As other courts have explained in this same context, a pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release. *United States v. Martin*, No. 18-CR-834-7, 2020 WL 1819961, at *1–*2 (S.D.N.Y. Apr. 10, 2020). Walls appealed the denial of several of this Court's orders, including orders denying various requests to modify Walls's sentence. In his brief on appeal, Walls also expressly challenges the Court's order denying the BOP's previous motion for compassionate release.

6

And although the specific contours of Walls's pro se appeal are difficult to discern, it is undisputed that his argument there seeks some version of a reduced sentence or outright release from custody. His appeal seeks the same ultimate relief as his most recent motion for compassionate release. The presence of two pending proceedings on the same issue (the length of Walls's sentence) risks inconsistent rulings from this Court and the Sixth Circuit on that issue. The orderly disposition of cases therefore requires waiting for a ruling from the Sixth Circuit before this Court proceeds to rule on any motion seeking to modify Walls's sentence. The Court should not take any action that could "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990), quoted in *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013).

### B. <u>Walls Failed to Exhaust the Administrative Remedies</u>

Even if the Court determines that it may review the instant motion while a related motion seeking the same relief (and seeking recusal of this Court) is pending on appeal, Walls has not exhausted the administrative remedies required under 18 U.S.C. § 3582(c)(1)(A) that would enable him to seek relief before this Court.

Outside of a few narrow exceptions, section 3582(c) strongly prohibits a defendant's sentence from being modified after it has been imposed. 18 U.S.C.

§ 3582(c) ("The court may not modify a term of imprisonment once it has been imposed . . ."). The Sixth Circuit has firmly enforced that prohibition. *United States v. Ross*, 245 F.3d 577, 585–86 (6th Cir. 2001).

One limited exception is the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). But § 3582(c)(1)(A) prohibits a defendant from moving for compassionate release, and the court from acting on that motion, until after the defendant has satisfied the statute's exhaustion requirement. This requirement demands that before a defendant moves for compassionate release in court, he "must at least ask the Bureau of Prisons to do so on [his] behalf and give BOP thirty days to respond." *United States v. Raia*, ___ F.3d ___, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020); 18 U.S.C. § 3582(c)(1)(A).

Statutory exhaustion requirements, like the one in § 3582(c)(1)(A), are mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1855–57 (2016). Those requirements may not be excused, even to account for "special circumstances." *Id.*; *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 751 (6th Cir. 2019). Rather, as a judge in this district recently held, "[t]he text of 18 U.S.C. § 3582(c) defines mandatory conditions precedent to a defendant filing a motion [for compassionate release] under that section." *United States v. Alam*, No. 15-20351, at 4 (E.D. Mich. Apr. 8, 2020); *see also* Gov't Br. on Appeal, *United States v. Alam*, 6th Cir. No. 20-1298

8

(filed Apr. 16, 2020); *United States v. Mathews*, 2020 WL 1873360 (E.D. Mich. Apr. 15, 2020).

This requirement not only is a statutory mandate, but also gives the Bureau of Prisons a chance to review a defendant's request in the first instance. The Bureau of Prisons' review can result in the request being "resolved much more quickly and economically . . . than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). And it permits the Bureau of Prisons to gather the defendant's administrative and medical records, helping to "produce a useful"— and, here, necessary—"record for subsequent judicial consideration." *Id.*

The Third Circuit recently denied a similar, unexhausted motion for compassionate release, holding that the COVID-19 pandemic does not permit inmates or district judges to bypass § 3582(c)(1)(A)'s mandatory exhaustion requirement. *United States v. Raia*, ___ F.3d ___, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Third Circuit explained that "[g]iven Bureau of Prisons' shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added— and critical—importance." *Id.*

There is no evidence that Walls has complied with § 3582(c)(1)(A)'s exhaustion requirement for his most recent motion based on COVID-19. Even if Walls had exhausted the administrative remedies in earlier years, that filing

9

predated both the COVID-19 crisis and the new directives under which the Bureau of Prisons is now operating in response to the pandemic. It did not address the combination of the COVID-19 pandemic and his various ailments. Thus, as another district court has recently explained, any previous motion for compassionate release—which "did not mention [the] COVID-19 concerns" that "are central to this [most recent] motion"—do not satisfy § 3582(c)(1)(A)'s requirements, because "[p]roper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden." *United States v. Mogavero*, No. 215CR00074JADNJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020); *see also United States v. Jenkins*, 2020 WL 1872568, at *1 (D. Neb. Apr. 14, 2020); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020). As Walls's claim for relief in the instant motion is premised in part upon the health risks posed to him due to COVID-19, Walls must first utilize the channels specifically created within the Bureau of Prisons to combat the COVID-19 pandemic.

Courts throughout the country have emphasized the importance of exhausting administrative remedies in the wake of the COVID-19 pandemic and have concluded that a district court cannot entertain a defendant's motion for compassionate release unless a defendant has exhausted his or her administrative remedies. *See, e.g.*, *Raia*, 2020 WL 1647922, at *2; *United States v. Rabadi*, 2020

10

WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) (collecting numerous cases in which "courts have regularly held that statutory exhaustion requirements, such as those in Section 3582(c), must be 'strictly' enforced"); *United States v. Epstein*, 2020 WL 1808616, *4 (D.N.J. Apr. 9, 2020) (collecting cases and stating that "a majority of district courts across the country" have held that the Court does not have the authority to excuse a defendant's failure to exhaust his administrative remedies). Walls has failed to bring a claim premised on the threats of the COVID-19 pandemic that comported with § 3582(c)(1)(A)'s exhaustion requirements. As such, Walls has failed to exhaust his administrative remedies before the Bureau of Prisons, even if the Court had jurisdiction over his motion.

While the "vast majority" of district courts have enforced Congress's mandatory exhaustion requirement, *Rabadi*, 2020 WL 1862640, at *3, some have ignored it and invented their own exceptions. A commonly cited decision among courts in the latter camp is *United States v. Perez*, 2020 WL 1546422, at *1 (S.D.N.Y. Apr. 1, 2020). But this Court should not follow *Perez* because it is "unpersuasive" and "unsupported by law." *United States v. Holden*, 2020 WL 1673440, *9 (D. Ore. Apr. 6, 2020). The "fundamental flaw" in *Perez* is that it relied on a decision from the Second Circuit that "dealt only with a judicially created exhaustion requirement, not a statutory one." *Epstein*, 2020 WL 1808616, *4 n.4; *see also United States v. Demaria*, 2020 WL 1888910, *3-4 (S.D.N.Y.

11

Apr. 16, 2020). This distinction is critical because, as the Supreme Court has explained, only "judge-made exhaustion doctrines . . . remain amendable to judge-made exceptions." *Ross*, 136 S. Ct. at 1857. A "statutory exhaustion provision stands on a different footing," because there "Congress sets the rules." *Id*. The Sixth Circuit has made the same point, noting the "sharp divide" that "separates statutory from prudential exhaustion." *Island Creek Coal*, 937 F.3d at 751. For statutory exhaustion requirements, "courts have 'refused to add unwritten' exceptions" into the text. *Id.* (quoting *Ross*, 136 S. Ct. at 1857). The same distinction applies here.

### C. INDICATIVE RULING

Despite the jurisdictional impediments to review, the unique circumstances of this case permit the Court to afford Walls at least some relief immediately—and perhaps compassionate release in short order. To accomplish that, the Court should consider issuing an indicative ruling that the Court would reconsider the BOP's previous motion for compassionate release and grant Walls compassionate release if the Sixth Circuit were to remand the case.

Federal Rule of Criminal Procedure 37 permits the Court to issue an indicative ruling and Federal Rule of Appellate Procedure 12.1 permits the Sixth Circuit to consider it. Rule 12.1 explains:

> [I]f a timely motion is made in the district court for relief that it lacks the authority to grant because of an appeal that has been docketed and

12

> is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.

*Id.* The advisory committee notes observed that this procedure is helpful when "relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal," including reduced sentence motions under 18 U.S.C. § 3582(c). Fed. R. App. Proc. Advisory Comm. Notes (2009).

The process would be a good fit here. Walls's failure to exhaust under § 3582(c)(1)(A) means the Court still would not have jurisdiction over the latest, COVID-19-based motion for compassionate release. And in most cases, the Court would have more limited authority to reconsider its previous order denying the BOP's motion for compassionate release. *See* E.D. Mich. L.R. 7.1(h)(1). But this case is different because Walls's appeal of that previous order is still pending. The Sixth Circuit's remand authority is one of the exceptions to finality under § 3582(c). 28 U.S.C. § 2106; *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). So the Court would have jurisdiction to reconsider BOP's previous motion for compassionate release if the Sixth Circuit were to remand for that purpose.

As the BOP's previous motion demonstrates, moreover, this defendant is in an extraordinarily unique position: the *government* moved over three years ago for his compassionate release for his serious health conditions. In June 2017, the government indicated that because of his health issues, the fact that the defendant

13

was then 75 years old, and he had served 22 years of his sentence, he should be released. The government cited specifically to the defendant's "history of Parkinson's disease, osteoarthritis, sciatica, and cardiovascular disease. In addition, he uses a wheelchair to ambulate and requires assistance with his instrumental activities of daily living." (ECF No. 705 PageID. 7222). At the time, the Court initially denied the motion because of questions about the defendant's medical records and because the Court was not convinced that Walls's combination of ailments satisfied the standard for release. But the Court "did not doubt the existence of [Walls's] health conditions" (ECF No. 730 PageID.7468), and the extensive proceedings on the BOP's motion confirm that the ultimate question of whether to grant compassionate release was a close one. As this Court has noted, moreover, the passage of time would not have improved Walls's ailments. *Id.* ("Defendant's conditions and age are such that it is likely that the conditions have worsened over time.")).

 Especially given that latter point, the Court should issue an indicative ruling that it would reconsider its previous denial of the BOP's motion and grant Walls compassionate release. The criteria for compassionate release are narrow. A court may only grant compassionate release based on an individual inmate's "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Compassionate release must be consistent with the Sentencing Commission's

14

policy statement. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1) & cmt. n.1. And the court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Despite the narrowness of those criteria, though, Walls satisfies them here.

Walls satisfied the Sentencing Commission's policy statements. Compliance with those policy statements is mandatory. Section 3582(c)(1)(A) has long required that compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020). That statutory language is identical to the standard for sentence reductions under 18 U.S.C. § 3582(c)(2) based on retroactive guideline amendments. So just like under § 3582(c)(2), the Sentencing Commission's policy statements place "hard limit[s] on a court's ability to reduce the sentence" under § 3582(c)(1)(A). *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014). And the Supreme Court has upheld those limits under § 3582(c)(2), stressing that "Congress charged the Commission with determining in what circumstances and by what amount the sentences of prisoners affected by Guidelines amendments may be reduced." *Dillon v. United States*, 560 U.S. 817, 830 (2010). So even when an inmate asks a district court to disregard those limits, the Commission's restraints "on a district court's sentence-

15

reduction authority [are] absolute." *Jackson*, 751 F.3d at 711; *accord United States v. Horn*, 612 F.3d 524, 527–28 (6th Cir. 2010).

For compassionate release, the Sentencing Commission has fulfilled Congress's directive in its policy statement in USSG § 1B1.13. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." USSG § 1B1.13 cmt. n.1.

The second of those reasons appears to apply to Walls. The court is permitted to consider the age of the defendant if the defendant is over 65 years old, is experiencing deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. USSG §1B1.13 cmt. n.1(B). Walls is now 78 years old and has served over 25 years in prison. He is suffering from several serious health conditions, including Parkinson's, cardiovascular issues, and loss of ambulatory functions. While each of those points, standing alone, would likely be insufficient, the cumulative effect of these conditions seems to provide sufficient grounds upon which the Court could find that Walls has satisfied the "extraordinary and compelling reasons" requirement in § 3582(c)(1)(A)(i) and USSG § 1B1.13(1)(A) & cmt. n.1.

16

Even when an inmate is statutorily eligible for a sentence modification based on an "extraordinary and compelling reason," courts must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Although the evaluation of these criteria is a close question for someone with Walls's record, the Court could find that Walls satisfies them. Walls was convicted of large-scale drug distribution and money laundering conspiracy. He was unapologetic at sentencing and was justifiably sentenced to spend life in prison and was a grave threat to the safety of others and the community. But Walls's advanced age and health conditions make it doubtful that further imprisonment is necessary to protect the public from further crimes. Walls's lengthy term in custody has also reflected the seriousness of the offense.

The government does not want to understate the seriousness of his conduct, or his nature and characteristics. An analysis of the section 3553 factors given the extraordinary circumstances here would seem to support the compassionate release of the defendant, with or without the COVID-19 pandemic, if the Court had jurisdiction to rule here.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court find that it lacks jurisdiction for the defendant's pending motion for

17

compassionate release, and that the defendant has not exhausted any request to be released on COVID-19 grounds, even if this Court had jurisdiction. But the Court may issue an order indicating that it would be inclined to reconsider and grant the BOP's motion, were it to have jurisdiction, for the reasons set forth in the proposed ruling. An indicative ruling would permit the Sixth Circuit to consider a remand, and thus for this Court to have jurisdiction to reconsider that motion.

                                      Respectfully submitted,

                                      MATTHEW SCHNEIDER
                                      United States Attorney

                                      *s/Michael C. Martin*
                                      Michael C. Martin
                                      Chief, National Security Unit
                                      United States Attorney's Office
                                      Eastern District of Michigan
                                      211 West Fort Street, Suite 2001
                                      Detroit, MI 48226
                                      313-226-9100
                                      Michael.C.Martin@usdoj.gov

Date: April 21, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. I also caused a copy to be served by mail, first-class postage pre-paid on the defendant at the following address:

Mr. Felix Walls
F.C.I. Forrest City - Medium
P.O. Box 3000
Forrest City, AR 72336


Date: April 21, 2020