**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 92-80236

FELIX WALLS,

    Defendant.
_____/

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

On April 14, 2020, Defendant Felix Walls filed a Motion for Compassionate Release. (ECF No. 729.) The motion was submitted through Defendant's daughter, Allegra Walls, who asserts she has power of attorney for her father. The court is familiar with Ms. Walls, who has submitted multiple documents, letters, and even motions on behalf of her father. Although the court has previously refused to accept documents filed by Ms. Walls, under the unique circumstances presented in this motion, the court will accept the motion. Upon review of the motion, based on consideration of factors outlined in 18 U.S.C. § 3553(a), the court was inclined to find that release under the First Step Act was warranted and thus ordered an expedited response from the Government.

The Government timely responded, and persuasively argues that the court lacks jurisdiction to hear Ms. Walls's motion, or any current motion by Defendant seeking his release, given the pendency of his appeal on the same subject matter. Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals.

*United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). That is, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984).

The Government also convincingly asserts that, even if the court retained jurisdiction of this motion, Defendant has not exhausted his administrative remedies. *See, e.g.*, *United States v. Rabadi*, 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) (collecting numerous cases in which "courts have regularly held that statutory exhaustion requirements, such as those in Section 3582(c), must be 'strictly' enforced"); *United States v. Epstein*, 2020 WL 1808616, *4 (D.N.J. April 9, 2020) (collecting cases and stating that "a majority of district courts across the county" have held that the Court does not have the authority to excuse a defendants failure to exhaust his administrative remedies).

The court agrees that, even though the court is inclined to believe that compassionate release is warranted, the court is without jurisdiction to entertain this most recent motion and that, in any event, Defendant has not exhausted his administrative remedies as to this particular motion.

Nonetheless, the Government suggests an alternative form of relief. Pursuant to Federal Rule of Criminal Procedure 37, the Government suggests that the court issue an indicative ruling, which the Sixth Circuit will be permitted to consider under Federal Rule of Appellate Procedure 12.1. Although normally the court would be limited in its reconsideration of the BOP's previous motion for compassionate release under Local

2

Rule 7.1(h)(1), the fact that an appeal of that order is pending before the Sixth Circuit means that a remand would provide the court with jurisdiction to reconsider its previous ruling. *See* 28 U.S.C. § 2106; *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). If the Sixth Circuit were to remand the appeal for that purpose, the Government agrees with the court that sufficient grounds exist to find that Defendant has satisfied the "extraordinary and compelling reasons" requirement in § 3582(c)(1)(A)(i) and USSG § 1B1.13(1)(A) & cmt. n.1. Further, in considering the factors set forth in 18 U.S.C. § 3553(a), the court would find that Defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

For these reasons, and for the reasons more thoroughly set forth in the Government's proposed order, which the court will adopt as its own, the court finds that it is without jurisdiction to consider the instant Motion for Compassionate Release. However, the court will follow the Government's suggestion and issue an indicative ruling under Federal Rule of Criminal Procedure 37 that, were the Sixth Circuit to remand the appeal, the court would grant the BOP's previously filed Motion for Compassionate Release. To further elucidate these findings, the court will enter the proposed order, with moderate changes, submitted by the Government and adopted by the court. Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release [Dkt. #729] is DENIED.

A separate order will issue regarding the court's indicative ruling that would grant Defendant's previously filed Motion for Reconsideration (ECF No. 709.) and grant the BOP's initial Motion for Compassionate Release (ECF No. 705).

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

        S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\92-80236.WALLS.MotionCompassionateRelease.RHC.docx