UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**     CASE NO. 92-CR-80236

        Plaintiff,     HON. ROBERT CLELAND

v.

**FELIX WALLS,**

        Defendant.
_____/

## INDICATIVE ORDER REGARDING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF No. 729]

On April 14, 2020, the defendant, Felix Walls, through his daughter, Allegra Walls, who is allegedly acting with his power of attorney, filed this motion for compassionate release. (ECF No. 729). The defendant's motion indicated that he was petitioning this Court for compassionate release considering his "age, and the combination of his very severe and extraordinary health issues, in conjunction with the grave outcomes for the sick and elderly that COVID-19 presents." (ECF No. 729 PageID. 7464).

This Court has a long history with this defendant. After a jury convicted the defendant of running a large-scale drug operation that began in 1985, the Court sentenced him to life imprisonment. *See United States v. Walls*, 546 F.3d 728,

731–34 (6th Cir. 2008). At the time of his sentencing, the Court emphasized the defendant's unapologetic and "lifetime devotion" to crime and his "blatant ... disregard for societal norms for the laws of the United States." *Id.* at 734. The defendant has been in custody since 1994, when he was in his early 50s.

The defendant's health has deteriorated significantly as he has aged in prison. On June 19, 2017, the Director of the Federal Bureau of Prisons filed a motion to modify the defendant's term of imprisonment under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence to time served. (ECF No. 705). This Court denied the government's motion on February 23, 2018, basing its decision, in part, on the fact that the government had not supported its motion with any details or medical records about the defendant's failing health. (ECF No. 707). The defendant's counsel filed a motion for reconsideration, with 65 pages of medical records and a supplemental brief to support his argument that the defendant had a rapidly-deteriorating medical condition. (ECF Nos. 709, 710).

On May 18, 2018, this Court denied the motion for reconsideration, noting the procedural and substantive issues. (ECF No. 713). The court stated that the motion was without prejudice to the government re-filing the motion, using the medical records submitted by the defendant and correcting other defects noted by the Court. (ECF No. 713 PageID. 7323). This Court later issued two other orders denying the defendant's other various motions. (ECF No. 724; ECF No. 725).

The defendant filed a pro se notice of appeal, seeking to contest the Court's denial of these various motions. (ECF No. 726). The Sixth Circuit recently denied the government's motion to dismiss the appeal as untimely (ECF No. 728), and that appeal remains pending. In his brief, the defendant challenged this Court's denial of his motion for compassionate release. (Walls Brief at 3, 6th Cir. No. 19-2020 (Nov. 15, 2019)).

At issue is the defendant's daughter's motion for compassionate release filed on April 14, 2020. (ECF No. 729). This Court ordered the United States to respond by April 21, 2020. The Court requested that the government address: (1) its current position on compassionate release; and (2) whether the pending appeal divests the Court of jurisdiction to consider this motion; and directed the government to draft a proposed order. (ECF No. 730 PageID. 7470).

For the reasons stated below, this Court denies the instant motion for lack of jurisdiction and failure to exhaust administrative remedies. The Court further indicates, however, that pursuant to Federal Rule of Criminal Procedure 37, the Court would be willing to reconsider its previous order and grant the government's original motion for compassionate release if it were to obtain jurisdiction of the defendant's case upon remand from the Sixth Circuit.

### I.  This Court Lacks Jurisdiction to Consider the Defendant's Motion for Compassionate Release

The defendant's pending appeal before the Sixth Circuit deprives this Court of jurisdiction to rule on the defendant's instant motion for compassionate release.

Filing a notice of appeal transfers adjudicatory authority from the district court to the court of appeals. *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019). Specifically, the filing "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id.* (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984).

Filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal. *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.,* 71 F.3d 1197, 1203 (6th Cir. 1995). Thus, "expansion of a district court's judgment [is] not permitted while an appeal is pending." *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987). After the filing of a notice of appeal, the district court retains jurisdiction only to enforce the judgment or to "proceed with matters that are in aid of the appeal." *Taylor v. KeyCorp,* 680 F.3d 609, 616 n.8 (6th Cir. 2012) (citations omitted).

This Court lacks jurisdiction over the defendant's present motion because the requested relief involves matters related to the merits of the defendant's appeal. A pending appeal that involves a defendant's sentence deprives a district court of jurisdiction to rule on the defendant's motion for compassionate release. *United States v. Martin*, No. 18-CR-834-7, 2020 WL 1819961, at *1–*2 (S.D.N.Y. Apr. 10, 2020). The defendant appealed the denial of several of this Court's orders, including orders denying various requests to modify the defendant's sentence. In his brief on appeal, the defendant also expressly challenges the Court's order denying the BOP's previous motion for compassionate release.

The defendant's appeal seeks the same ultimate relief as his most recent motion for compassionate release: a reduction in his sentence. The presence of two pending proceedings on the same issue (the length of the defendant's sentence) risks inconsistent rulings from this Court and the Sixth Circuit on that issue. The orderly disposition of cases therefore requires waiting for a ruling from the Sixth Circuit before this Court proceeds to rule on any motion seeking to modify the defendant's sentence. The Court should not take any action that could "alter the status of the case as it rests before the Court of Appeals." *Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990), quoted in *United States v. Gallion*, 534 F. App'x 303, 310 (6th Cir. 2013).

Given this record, the Court finds that it currently lacks jurisdiction to consider the defendant's motion for compassionate release.

## II. The Defendant Has Not Exhausted Administrative Remedies Related to the COVID-19 Pandemic

Even if this Court had jurisdiction to rule on the most recent motion for compassionate release, filed by the defendant's daughter and citing the COVID-19 pandemic, it would be prohibited from entertaining that motion because the defendant has not exhausted the administrative remedies required under 18 U.S.C. § 3582(c)(1)(A) before seeking relief before this Court.

Outside of a few narrow exceptions, § 3582(c) strongly prohibits a defendant's sentence from being modified after it has been imposed. 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed . . ."). The Sixth Circuit has firmly enforced that prohibition. *United States v. Ross*, 245 F.3d 577, 585–86 (6th Cir. 2001).

One limited exception is the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) prohibits, however, a defendant from moving for compassionate release, and the court from acting on that motion, until after the defendant has satisfied the statute's exhaustion requirement. This requirement demands that before a defendant moves for compassionate release in court, he "must at least ask the Bureau of Prisons to do so on [his] behalf and give

BOP thirty days to respond." *United States v. Raia*, ___ F.3d ___, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020); 18 U.S.C. § 3582(c)(1)(A).

This requirement gives the Bureau of Prisons a chance to review a defendant's request in the first instance. The Bureau of Prisons' review can result in the request being "resolved much more quickly and economically . . . than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). It permits the Bureau of Prisons to gather the defendant's administrative and medical records, helping to "produce a useful"—and, here, necessary—"record for subsequent judicial consideration." *Id.*

The Third Circuit recently denied a similar, unexhausted motion for compassionate release, holding that the COVID-19 pandemic does not permit inmates or district judges to bypass § 3582(c)(1)(A)'s mandatory exhaustion requirement. *United States v. Raia*, ___ F.3d ___, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Third Circuit explained that "[g]iven Bureau of Prisons' shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.*

There is no evidence that the defendant has complied with § 3582(c)(1)(A)'s exhaustion requirement for his most recent motion based on COVID-19. Even if the defendant had exhausted the administrative remedies in earlier years, that filing

predated both the COVID-19 crisis and the new directives under which the Bureau of Prisons is now operating in response to the pandemic. It did not address the combination of the COVID-19 pandemic and his various ailments. Thus, any previous motion for compassionate release—which "did not mention [the] COVID-19 concerns" that "are central to this [most recent] motion"—does not satisfy § 3582(c)(1)(A)'s requirements, because "[p]roper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden." *United States v. Mogavero*, No. 215CR00074JADNJK, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020). As the defendant's claim for relief in the latest motion is premised in part upon the health risks posed to him due to COVID-19, the defendant must first exhaust the channels specifically created within the Bureau of Prisons and required by § 3582(c)(1)(A).

### III. This Court Would Reconsider Its Denial of the Government's 2017 Motion and Grant Compassionate Release if this Court Had Jurisdiction

Having determined that the pending appeal deprives the Court of jurisdiction to entertain any motion for compassionate release, and that the defendant has also not exhausted his administrative remedies with respect to his latest motion for compassionate release on COVID-19 grounds, the Court now turns to the government's suggestion that it issue an indicative ruling. Having considered that proposal, the Court now indicates that it would reconsider its previous denial of the

BOP's 2017 motion for compassionate release and grant compassionate release to the defendant if his appeal were remanded from the Sixth Circuit.

Pursuant to Federal Rule of Criminal Procedure 37, this Court may issue an indicative ruling, which the Sixth Circuit will be permitted to consider under Federal Rule of Appellate Procedure 12.1. Although normally the Court would be limited in its reconsideration of the BOP's previous motion for compassionate release under Local Rule 7.1(h)(1), the fact that an appeal of that order is pending before the Sixth Circuit means that a remand would provide the Court with jurisdiction to reconsider its previous ruling. *See* 28 U.S.C. § 2106; *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Therefore, if the Sixth Circuit were to remand the appeal for that purpose, the Court would have jurisdiction to reconsider the BOP's 2017 motion for compassionate release.

If that occurred, the Court would then reconsider its previous order and grant the defendant compassionate release based on the reasons described in the BOP's 2017 motion. This defendant is in an extraordinarily unique position: the government moved over three years ago for his compassionate release for his serious health conditions. In June 2017, the government indicated that because of his health issues, the fact that the defendant was then 75 years old, and he had served 22 years of his sentence, he should be released. The government cited specifically to the defendant's "history of Parkinson's disease, osteoarthritis,

sciatica, and cardiovascular disease. In addition, he uses a wheelchair to ambulate and requires assistance with his instrumental activities of daily living." (ECF No. 705 PageID. 7222). At the time, this Court denied the motion because of questions about the defendant's medical records and because the Court was not convinced that the defendant's combination of ailments satisfied the standard for release. But the Court "did not doubt the existence of Defendant's health conditions" (ECF No. 730 PageID.7468), and the extensive proceedings on the BOP's motion confirm that closeness of this question.

Having reconsidered those facts, the Court finds that if the Sixth Circuit were to remand this case, permitting this Court to have jurisdiction to reconsider its ruling, the Court would grant the defendant compassionate release.

A court may only grant compassionate release based on an individual inmate's "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Compassionate release must be consistent with the Sentencing Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1) & cmt. n.1. The court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Section 3582(c)(1)(A) has long required that compassionate release be "consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020). As with the identical requirement in 18 U.S.C. § 3582(c)(2), the Sentencing Commission's policy statements place "hard limit[s] on a court's ability to reduce the sentence" under § 3582(c)(1)(A). *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014); *see also Dillon v. United States*, 560 U.S. 817, 830 (2010) ("Congress charged the Commission with determining in what circumstances and by what amount the sentences of prisoners affected by Guidelines amendments may be reduced."). The Commission's restraints "on a district court's sentence-reduction authority [are] absolute." *Jackson*, 751 F.3d at 711; *accord United States v. Horn*, 612 F.3d 524, 527–28 (6th Cir. 2010).

For compassionate release, the Sentencing Commission has fulfilled Congress's directive in its policy statement in USSG § 1B1.13. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." USSG § 1B1.13 cmt. n.1.

The second of those reasons applies to the defendant. This Court is permitted to consider the age of the defendant if the defendant is over 65 years old, is experiencing deterioration in physical or mental health because of the aging

process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. USSG §1B1.13 cmt. n.1(B). The defendant is now 78 years old and has served over 25 years in prison. He is suffering from several serious health conditions, including Parkinson's, cardiovascular issues, and loss of ambulatory functions. Based on the cumulative effect of these conditions, and the passage of three years since BOP initially filed its motion for compassionate release, there are sufficient grounds for this Court to find that the defendant has satisfied the "extraordinary and compelling reasons" requirement in § 3582(c)(1)(A)(i) and USSG § 1B1.13(1)(A) & cmt. n.1.

Before granting a motion for compassionate release, this Court must also consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Although the evaluation of these criteria is a close question for someone with the defendant's record, the Court finds that the defendant satisfies them.

The defendant was convicted of large-scale drug distribution and money laundering conspiracy. He was unapologetic at sentencing and was justifiably sentenced to spend life in prison and was a grave threat to the safety of others and the community. But the defendant's advanced age and unusually severe health conditions make it doubtful that further imprisonment is necessary to protect the

public from further crimes. The defendant's lengthy term in custody has also reflected the seriousness of the offense.

## IV. Conclusion

The Court finds the following:

1) It does not have jurisdiction to consider any motion for compassionate release because of the defendant's pending Sixth Circuit appeal;

2) The defendant has not exhausted administrative remedies with respect to a motion for compassionate release related to the COVID-19 situation;

3) If the Court had jurisdiction over this matter, the Court would reconsider its denial of the government's 2017 motion for compassionate release, and find that such motion should be granted and that the defendant should be released on those grounds.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522