**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

───────────────────────────────────────

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                   Case No. 92-80236

FELIX WALLS,

      Defendant.
                                          /

**ORDER GRANTING MOTION FOR RECONSIDERATION AND GRANTING THE
GOVERNMENT'S MOTION FOR COMPASSIONATE RELEASE**

On remand from the Sixth Circuit Court of Appeals, the matter is before the court to reconsider Defendant's March 8, 2018 Motion for Reconsideration and the Bureau of Prison's ("BOP's") June 19, 2017 motion for compassionate release, docketed as a Motion to Reduce Term of Imprisonment to Time Served.

On February 20, 2003, the court sentenced Defendant Felix Walls to life imprisonment, with five years of supervised release required in the event he were ever released.  On February 23, 2018, the court denied a motion filed by the United States of America, specifically the Director of the Federal Bureau of Prisons, to modify Defendant Felix Walls's term of imprisonment, reducing it to "time served".  In denying the motion, the court based its decision, in part, on the fact that the Government had not supported its motion with any details or medical records about Defendant's failing health. Thereafter, counsel for Defendant filed a timely motion for reconsideration, asserting that he would now produce medical records demonstrating Defendant's condition. Shortly thereafter, Defendant submitted 65 pages of medical records, along with a

three-page supplemental brief urging the court to find that Defendant's "physical condition is rapidly deteriorating." (Dkt. # 710, Pg. ID 7241.)  The court originally denied the motion for reconsideration, but the matter is again before the court following Defendant's appeal, this court's indicative ruling, and the Sixth Circuit's subsequent remand of this case.  The Sixth Circuit's remand implicitly vacated the court's May 18, 2018 and February 23, 2018 orders and now allows the court to implement its indicative ruling to grant the motion for reconsideration and grant the motion for compassionate release.

After considering the supplemental brief, along with additional information regarding Defendant's deteriorating health, the court now finds that Defendant has "demonstrate[d] a palpable defect by which the court and the parties . . . have been misled" and "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Specifically, the court now has before it sufficient indication of Defendant's "extraordinary and compelling reasons" which warrant release.

In its original order denying compassionate release, the court held that, even if appropriate factual support had been presented, the court would still deny the motion because the Government had provided no analysis, as required, of the sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant's motion for reconsideration presents further medical evidence demonstrating his severe medical condition and subsequent briefing has shown that Defendant's conditioned has worsened over time as his age has advanced. This is particularly true in light of the current COVID-19 global pandemic, and the extreme vulnerability to COVID-19 due to Defendant's age and

medical conditions. Subsequent briefing by the Government has also shown how a balance of the factors set forth in 18 U.S.C. § 3553(a) weighs in favor of release at this time.[1]

As set forth in the court's Indicative Order (ECF No. 734), a court may grant compassionate release based only on an individual inmate's "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Compassionate release must be consistent with the Sentencing Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13(1) & cmt. n.1. The court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

Section 3582(c)(1)(A) has long required that compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020). As with the identical requirement in 18 U.S.C. § 3582(c)(2), the Sentencing Commission's policy statements place "hard limit[s] on a court's ability to reduce the sentence" under § 3582(c)(1)(A). *United States v. Jackson*, 751 F.3d 707, 711 (6th Cir. 2014); *see also Dillon v. United States*, 560 U.S. 817, 830 (2010) ("Congress charged the Commission with determining in what circumstances and by what amount the sentences of prisoners affected by Guidelines amendments may be reduced."). The Commission's restraints "on a district court's sentence-reduction

---

[1] The court appreciates the Government's expedient and thorough response to Defendant's most recent motion for compassionate release, which set forth a roadmap to grant Defendant the necessary relief.

3

authority [are] absolute." *Jackson*, 751 F.3d at 711; *accord United States v. Horn*, 612 F.3d 524, 527–28 (6th Cir. 2010).

For compassionate release, the Sentencing Commission has fulfilled Congress's directive in its policy statement in USSG § 1B1.13. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons." USSG § 1B1.13 cmt. n.1.

The second of those reasons applies to Defendant Walls. This court is permitted to consider the age of the defendant if the defendant is over 65 years old, is experiencing deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. USSG §1B1.13 cmt. n.1(B). The defendant is now 78 years old and has served over 25 years in prison. He is suffering from several serious health conditions, including Parkinson's, cardiovascular issues, and loss of ambulatory functions. Based on the cumulative effect of these conditions, and the passage of three years since BOP initially filed its motion for compassionate release, there are sufficient grounds for this court to find that the defendant has satisfied the "extraordinary and compelling reasons" requirement in § 3582(c)(1)(A)(i) and USSG § 1B1.13(1)(A) & cmt. n.1.

Before granting a motion for compassionate release, this court must also consider the factors set forth in 18 U.S.C. § 3553(a) and determine that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2).

4

Although the evaluation of these criteria is a close question for someone with Defendant's record, the court finds that the defendant satisfies them.

Defendant was convicted of large-scale drug distribution and money laundering conspiracy. He was unapologetic at sentencing and was justifiably sentenced to spend the balance of his life in prison. He was deemed a significant threat to the safety of others and the community. Now, Defendant's advanced age and unusually substantial health conditions make it sufficiently clear to the court that no further imprisonment is necessary to protect the public from further crimes. Defendant's lengthy term in custody has by now fairly reflected the seriousness of Defendant's offense behavior.

For these reasons, the court will grant Defendant's motion for reconsideration and grant the BOP's motion for compassionate release.  Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration (ECF No. 709) is GRANTED, and the BOP's Motion for Compassionate Release (ECF No. 705) is GRANTED.

IT IS FURTHER ORDERED that Defendant's term of imprisonment is hereby REDUCED to the time he has already served and that he shall be RELEASED from the custody of the Bureau of Prisons as soon as the release plan is implemented and travel arrangements are finalized.

Finally, IT IS ORDERED that upon his release from custody of the Bureau of Prisons, Defendant shall begin serving the five-year term of supervised release previously imposed.

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 23, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\92-80236.WALLS.Grant.Reconsideration.RHC.docx