UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 92-80236

FELIX WALLS,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION/MODIFICATION**

On June 2, 2020, the court entered an Amended Judgment which reduced Defendant Felix Walls's term of imprisonment to time served. The court did not modify the length of Defendant's term of supervised release. Now before the court is Defendant's "Motion for Reduction/Modification," in which he seeks a reduction of his term of supervised release. Defendant contends that the Amended Judgment is unconstitutional, that he was imprisoned four years beyond an alleged agreement with the Government, and further alleges that his imprisonment led to a family member's loss of limbs and fingers. As the Government points out in its response, Defendant's motion is unfounded in both fact and law. The court will deny the motion.

Defendant's central argument appears to be that he entered into some kind of agreement with the Government to be released four years ago. The court has recognized no such agreement and previous attempts to rely on any alleged agreement have been rejected. (ECF No. 725.) Instead, the court granted Defendant compassionate release. (ECF No. 736.) In so doing, the court reduced his term of

imprisonment to time-served, but specifically did not reduce his term of supervised release. Rather than appeal the amended judgment, Defendant brought the instant motion, purportedly relying on Federal Rule of Civil Procedure 60. Rule 60, however, is a civil rule which is inapplicable here. *United States v. Paradise,* 2014 WL 12859854 (6th Cir. July 30, 2014). Nor does Defendant identify any "arithmetical, technical, or other clear error" which would allow correction of a judgment under Federal Rule of Criminal Procedure 35. There is simply no authority offered requiring the relief Defendant requests. The court remains unpersuaded the term of supervised release should be adjusted.

As to the remaining factual allegations regarding the health of Defendant's family member, they are not relevant to any inquiry that is before the court. It is unfortunate-- and, frankly, bizarre--that Defendant attributes his family member's tragic loss to the Government, particularly after the Government has aided in seeking his compassionate release. However, the allegations do not relate to any legal inquiry before the court.  As Defendant has failed to articulate any legitimate basis to modify the terms of his supervised release,

IT IS ORDERED that Defendant's "Motion for Reduction/Modification" (ECF No. 738) is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  December 16, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 16, 2020, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\92-80236.WALLS.ModificationJudgment2020.docx