**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                      Case No. 92-80236

FELIX WALLS,

    Defendant.
                                         /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR**
**TERMINATION OF SUPERVISED RELEASE**

On June 2, 2020, the court entered an Amended Judgment which reduced Defendant Felix Walls's term of imprisonment to time served. The court did not modify the length of Defendant's term of supervised release. On November 29, 2022, Defendant submitted a letter to the court, which was docketed as a Motion for Early Termination of Supervised Release. (ECF No. 746.) The Government filed a response, but does not oppose the motion. (ECF No. 748.) For the reasons stated below, the court finds that termination is warranted and will grant Defendant's motion.

## I. STANDARD

A court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e)(1). In determining whether a termination is warranted, the court considers the factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances and the history and characteristics of the defendant. *See* 18 U.S.C § 3583(e)(1) (directing the court to "consider[] the factors set

forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). Nonetheless, "a court considering whether to terminate an individual's term of supervised release before the expiration of the term need not recite any 'magic words.'" *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003)

## II.  DISCUSSION

In support of his motion, Defendant contends that he wants to attend his daughter's wedding in Ghana this summer. He states that he cannot obtain a passport to attend the wedding unless his supervised release is terminated, and he does not want his daughter to "continue to suffer collateral damage for [his] mistakes." (ECF No. 746.) The Government has no objection to Defendant traveling out of the country, and does not oppose the court allowing him to do so. (ECF No. 748 at PageID.7553.) While noting that the court need not terminate supervised release to authorize a passport for Defendant, the Government also does not "strenuously oppose" the requested relief of termination. (ECF No. 748 at PageID.7554.) Specifically, the Government notes that Defendant's current federal probation officer (in Wisconsin) reports no violations of supervised release and that she believes Defendant "does not substantially benefit from supervised release." (ECF No. 748 at PageID.7553-54.) Likewise, Defendant's former probation officer (in Michigan) also does not oppose termination of supervised release, but instead leaves it to the court's discretion. (ECF No. 748 at PageID.7554.)

Having considered Defendant's motion under § 3583(e)(1) and the factors listed in § 3553(a), the court is persuaded that termination is appropriate at this time. As the court held in its order granting compassionate release:

2

> Defendant was convicted of large-scale drug distribution and money laundering conspiracy. He was unapologetic at sentencing and was justifiably sentenced to spend the balance of his life in prison. He was deemed a significant threat to the safety of others and the community. Now, Defendant's advanced age and unusually substantial health conditions make it sufficiently clear to the court that no further imprisonment is necessary to protect the public from further crimes. Defendant's lengthy term in custody has by now fairly reflected the seriousness of Defendant's offense behavior.

(ECF No. 736, at PageId.7514.) Defendant was released approximately two and a half years ago and since that time has had no violations of supervised release, and has conducted himself in accordance with the terms of his release. Indeed, Defendant's behavior is consistent with one who is rehabilitated. In consideration of his behavior, and in further consideration of his advanced age and medical conditions, the court finds the interests of justice do not require continued supervised release. Defendant's motion will be granted.

### III. CONCLUSION

The court is persuaded that termination of supervised release is both warranted by Defendant's conduct and is in the interests of justice. Accordingly,

IT IS ORDERED that Defendant's motion for early termination of supervise release (ECF No. 746) is GRANTED and Defendant's supervised release is TERMINATED effective immediately.

s/Robert H. Cleland      /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2023

3

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 26, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Wagner   /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Criminal\Walls\92-80236.WALLS.TerminateSupervisedRelease.chd.docx